UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
BANK OF AMERICA, N.A.,

                        Plaintiff,                   **MEMORANDUM AND ORDER**
         -against-                        CV 12-4373 (JMA)(AYS)

TICOR TITLE INSURANCE COMPANY,

                        Defendants.
-------------------------------------------------------------------X
TICOR TITLE INSURANCE COMPANY,

                   Third-Party Plaintiff,

         -against-

INET NATIONAL LAND SERVICES, LLC,
DANA SHARON, THEODORE F. GOSMAN,
GOSMAN LAW, P.C., ERIC L. BROOKS,
MARIE A. MARTIAL,

                Third-Party Defendants,
-------------------------------------------------------------------X
THEODORE F. GOSMAN, GOSMAN LAW, PC.,

                Cross-Claimants,

         -against-

ERIC L. BROOKS, DANA SHARON, MARIE
MARTIAL, INET NATIONAL LAND
SERVICES, LLC,

               Cross-Defendants,
-------------------------------------------------------------------X
THEODORE F. GOSMAN, GOSMAN LAW P.C.,

               Counter-Claimants,

         -against-

TICOR TITLE INSURANCE COMPANY,

               Counter-Defendant,

```
-----------------------------------------------------------------X
```
DANA SHARON, INET NATIONAL LAND
SERVICES, LLC.,

    Counter-Claimants,

    -against-

TICOR TITLE INSURANCE COMPANY,

    Counter-Defendants.
```
-----------------------------------------------------------------X
```

**SHIELDS, Magistrate Judge:**

   On March 20, 2015, Third-Party Defendants INET Land Services. LLC ("INET"), and Dana

Aronow, sued as Dana Sharon ("Sharon") extended an offer of judgment pursuant to Rule 68 of the

Federal Rules of Civil Procedure (the "Offer") allowing Defendant/Third-Party Plaintiff Ticor Title

Insurance Company/aka Chicago Title Insurance Company ("Ticor"), to enter judgment against them in

the amount of $10,000, together with the costs accrued to date in full satisfaction of all claims.  The Offer

was set to expire, pursuant to the time period set forth in the Federal Rules, on April 3, 2014.  On that day

Defendant Ticor Title Insurance Company moved to have this court extend its time to respond to the

Offer. The letter motion indicated that the parties were engaged in global settlement discussions. This

court granted the extension of time by way of an electronic order dated April 4, 2014.

   INET and Sharon have now made clear that they never intended to consent to any extension of

the time in which to extend the Offer and, indeed, oppose any such extension.  Accordingly, INET and

Sharon move to have this court reconsider the order granting the extension of time for Ticor to respond to

the Offer.  In light of INET and Sharon's clear position that they have always opposed any extension of

its Offer, the court hereby grants the motion to reconsider the order (DE 98) and denies the motion for an

extension of time in which to respond to the Offer (DE 97).  The Offer is therefore deemed withdrawn.

   In addition to seeking reconsideration, INET and Sharon have indicated that they are amenable to

participating in a conference aimed at a global settlement of this matter.  The court has previously

scheduled a pre-motion conference on INET with respect to Sharon and INET's proposed motion to amend their answer, for April 16, 2015. The Court hereby re-schedules that conference to April 30, 2015 at 2:00 P.M. In lieu of a pre-motion conference, the April 30, 2015 will be held as a global settlement conference that shall be attended by all parties to this matter. Clients with authority to settle are to appear at the conference. One week prior to the conference, each party shall fax an <u>ex parte</u> settlement statement to the court at 631-712-5715, indicating the terms upon which it is willing to agree to a global settlement. That letter shall also set forth the terms of any prior settlement agreements discussed but not yet finalized. The court is aware that INET and Sharon are seeking to amend their answers to assert cross-claims against Theodore Gosman, Gosman Law and Bank of America. While that matter has not yet been decided, settlement statements submitted pursuant to this order are to assume, for the purpose of the conference only, that the motions to amend will be granted.

SO ORDERED

_____/s_____
Anne Y. Shields
United States Magistrate Judge

Central Islip, New York
April 7, 2015